UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust, | Case No. 19-cv-1756 (WMW) |
| Plaintiff, | |
| v. | **ORDER** |
| BMO Harris Bank N.A., as successor to M&I Marshall and Ilsley Bank, | |
| Defendant. | |

---

| | |
|---|---|
| BMO Harris Bank N.A., as Successor to M&I Marshall and Ilsley Bank, | Case No. 19-cv-1826 (WMW) |
| Appellant, | |
| v. | **ORDER** |
| Douglas A Kelley, | |
| Appellee. | |

---

| | |
|---|---|
| BMO Harris Bank N.A., as Successor to M&I Marshall and Ilsley Bank, | Case No. 19-cv-1869 (WMW) |
| Appellant, | |
| v. | **ORDER** |
| Douglas A Kelley, in his capacity as the Trustee of BMO Litigation Trust, | |
| Appellee. | |

---

In each of these related bankruptcy matters, Appellant-Defendant BMO Harris Bank N.A. (BMO Harris) requests leave to file a motion for reconsideration. (Case No. 19-cv-1756, Dkt. 71; Case No. 19-cv-1826, Dkt. 42; Case No. 19-cv-1869, Dkt. 53.) BMO Harris contends that the Court's March 13, 2020 Order, which denied BMO Harris's motion for leave to file an interlocutory appeal, misapplies the applicable law. Plaintiff-Appellee Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust (the Trustee), opposes BMO Harris's requests.

This District's Local Rule 7.1(j) prohibits filing a motion for reconsideration without leave of court. A party may receive permission to file a motion for reconsideration only by showing "compelling circumstances." LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). Absent a manifest error of law or fact, a motion for reconsideration cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made, or tender new legal theories for the first time. *See id.*

BMO Harris does not purport to present newly discovered evidence, but instead argues that the Court's March 13, 2020 Order misapplies the applicable law. In the Court's view, however, BMO Harris identifies no manifest error of law. Rather, BMO Harris identifies disagreements with the Court's legal conclusions and reiterates arguments that were presented to both the bankruptcy court and this Court. The Court fully considered and addressed those arguments in its March 13, 2020 Order, and addressing those same

2

arguments again is not the purpose of a motion for reconsideration. Moreover, to the extent that BMO Harris seeks to raise *new* arguments or legal theories, a motion to reconsider is an improper means for doing so.

Because BMO Harris has not demonstrated compelling circumstances, its requests for leave to file a motion to reconsider are denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Appellant-Defendant BMO Harris Bank N.A.'s requests for leave to file a motion for reconsideration, (Case No. 19-cv-1756, Dkt. 71; Case No. 19-cv-1826, Dkt. 42; Case No. 19-cv-1869, Dkt. 53), are **DENIED**.


Dated: April 8, 2020                                s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge