UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Douglas A. Kelley, *in his capacity as the Trustee of the BMO Litigation Trust*, | Case No. 19-cv-1756 (WMW) |
| Plaintiff, | |
| v. | **ORDER** |
| BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*, | |
| Defendant. | |

---

This matter is before the Court on the motion of Defendant BMO Harris Bank N.A. (BMO Harris) to exclude evidence pursuant to the bank examination privilege. (Dkt. 248.) Plaintiff Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust (hereinafter, Kelley or the Trustee) opposes BMO Harris's motion. For the reasons addressed below, BMO Harris's motion is denied.

The bank examination privilege arises from federal banking regulations. *See* 12 C.F.R. §§ 21.11(k), 208.62(j). "The bank examination privilege is a qualified privilege [that] shields **from discovery** agency opinions or recommendations . . . ." *Rockwood Bank v. Gaia*, 170 F.3d 833, 839 n.4 (8th Cir. 1999) (emphasis in original) (citing *In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630 (D.C. Cir. 1992)). This privilege "accords agency opinions and recommendations and banks' responses thereto *protection from disclosure.*" *In re Bankers Tr. Co.*, 61 F.3d 465, 471 (6th Cir. 1995) (emphasis added).

Here, in December 2017, the bankruptcy court granted the Trustee's motion to compel BMO Harris to produce documents that BMO Harris and the Federal Reserve argued were protected by the bank examination privilege. In doing so, the bankruptcy court found that the disputed information was relevant, the privilege belongs to the Federal Reserve and the Federal Reserve failed to satisfy its burden to establish the existence and applicability of the privilege.[1] The bankruptcy court's 2017 order compelling the production of this information was never appealed. Because disclosure in discovery has already occurred, any attempt to invoke the bank examination privilege from discovery is moot.

The trial in this matter commenced on October 12, 2022. BMO Harris now argues to this Court for the first time, after trial has commenced, that certain information is *inadmissible at trial* based on the bank examination privilege.[2] Contrary to BMO Harris's argument, the courts that have addressed the bank examination privilege consistently refer to it as a privilege from disclosure during discovery, *not* as a basis for exclusion at trial after disclosure during discovery has occurred. *See, e.g.*, 12 C.F.R. § 208.62(j) (prohibiting production of information in response to subpoena or request for disclosure); *Rockwood Bank*, 170 F.3d at 839 n.4 (observing that bank examination

---

[1]  Specifically, the bankruptcy court found that the "Federal Reserve did not provide the documents it viewed as privileged to the Court nor has it provided any evidence through an affidavit, declaration or otherwise, that would allow the Court to rule on its privilege claim."

[2]  BMO Harris failed to raise this issue in a pretrial motion, despite ample opportunity to do so. Moreover, after the Court provided BMO Harris until 7:00 a.m. on October 14, 2022, to file a brief as to this issue, BMO Harris failed to meet this deadline.

privilege "shields **from discovery** agency opinions and recommendations" (emphasis in original)); *In re Bankers Tr. Co.*, 61 F.3d at 471 (describing bank examination privilege as "protection from disclosure"); *In re Subpoena*, 967 F.2d at 634 (addressing "the discovery of bank examination information"). BMO Harris has not cited any legal authority to the contrary, nor has the Court's research identified any. Because the bank examination privilege is a privilege from discovery and not a rule governing admissibility at trial, BMO Harris's reliance on the privilege now, after trial has commenced, is both untimely and misplaced.

In addition, even if the bank examination privilege applied to the issue of admissibility, the privilege belongs to the relevant regulatory agency, not BMO Harris. *See Schreiber v. Soc'y for Sav. Bancorp, Inc.*, 11 F.3d 217, 220 (D.C. Cir. 1993). "The agency asserting the privilege has the burden of establishing its applicability to the documents at issue." *Id.* Significantly, the bank examination privilege is qualified; the privilege "protects only agency opinions and recommendations from disclosure; purely factual material falls outside the privilege." *Id.*

Here, the Federal Reserve has been on notice of this issue for years, as it participated in the proceedings before the bankruptcy court in 2017. And BMO Harris represents that the Federal Reserve and other regulators have again been put on notice in the months preceding the trial. But no federal agency has asserted the privilege in this Court with respect to the admissibility at trial. Neither BMO Harris nor any federal agency has presented any evidence in support of the asserted privilege. And neither

3

BMO Harris nor any federal agency has identified with any particularity the specific evidence that should be excluded pursuant to the privilege. Moreover, contrary to BMO Harris's arguments, the Trustee represents that he will not present evidence that explicitly reveals whether a Suspicious Activity Report (SAR) was filed and that he will redact portions of exhibits that contain such information. On this record, even if the bank examination privilege applied to admissibility at trial, the burden of establishing its applicability here has not been satisfied.

Even if the bank examination privilege applied, "the privilege may be overridden as to protection of deliberative material if good cause is shown." *In re Bankers Tr. Co.*, 61 F.3d at 471. When addressing this good-cause standard, courts should consider, among other factors, the availability of other evidence, the seriousness of the litigation and issues involved, the role of the government in the litigation and the possibility of future timidity by government employees if disclosure occurs. *Id.* at 472. The bankruptcy court addressed these factors when it ordered BMO Harris to produce purportedly privileged documents during discovery in 2017 and found that each of these factors supported overriding the privilege in this case. This Court agrees with the bankruptcy court's reasoned analysis and incorporates that analysis by reference. And additional good-cause factors exist now, including the prejudice to the Trustee and the waste of time (including the jurors' valuable time) arising from BMO Harris's untimely raising of this issue. Moreover, as addressed above, the privilege BMO Harris seeks to invoke is not BMO Harris's privilege to assert. The privilege belongs to the applicable

4

federal agency, which has declined to appear, intervene or otherwise seek relief before this Court despite notice of this issue since at least 2017.

For all of these reasons, BMO Harris's motion is denied. The Court will not entertain any further evidentiary objections on this basis. Nothing in this Order should be construed to prohibit the parties from redacting certain exhibits by agreement to allay BMO Harris's concerns as to this issue. And the Court strongly encourages the parties to cooperate throughout trial so as to resolve as many evidentiary issues as reasonably possible and avoid wasting the jurors' time.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant BMO Harris Bank N.A.'s motion to exclude evidence pursuant to the bank examination privilege, (Dkt. 248), is **DENIED**.

Dated: October 14, 2022          s/Wilhelmina M. Wright
                                                                Wilhelmina M. Wright
                                                                United States District Judge