UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Douglas A. Kelley, *in his capacity as the Trustee of the BMO Litigation Trust*,

    Plaintiff,

v.

BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*,

    Defendant.

Case No. 19-cv-1756 (WMW)

**ORDER**

---

In an October 21, 2022 email to the Court, Plaintiff Douglas A. Kelley (the Trustee) objected to several exhibits that Defendant BMO Harris Bank N.A. (BMO Harris) intends to use during the cross examination of the Trustee's banking expert, Catherine Ghiglieri.[1] The challenged exhibits pertain to bank examinations conducted by the Federal Reserve Bank of Chicago (FRB Chicago) from 2002 through 2009. The Trustee argues that these exhibits violate the Court's October 9, 2022 Order on Motions in Limine and that these exhibits should be excluded as unfairly prejudicial and confusing pursuant to Federal Rule of Evidence 403. For the reasons addressed herein, the Trustee's objections are overruled.

In its Order on Motions in Limine, the Court observed that some evidence pertaining to federal investigations of BMO Harris might be relevant to show that BMO Harris

---

[1] Specifically, the Trustee objects to BMO Harris's use of demonstrative exhibits DD-11, DD-13 and DD-14, as well as the admission in evidence of the following ten exhibits: DX50073, DX50136, DX50165, DX50233, DX50356, DX50422, DX50445, DX50588, DX50710 and DX50821.

worked diligently with federal officials, thereby rebutting the Trustee's evidence that BMO Harris ignored or turned a blind eye to fraudulent activity. And other closely related evidence may be admissible as *res gestae* to provide reasonable context to the jury, the Court observed. *See United States v. Morrison*, 748 F.3d 811, 812 (8th Cir. 2014); *Century '21' Shows v. Owens*, 400 F.2d 603, 610 (8th Cir. 1968). Indeed, the Trustee conceded that some evidence of FRB Chicago's examinations may be relevant and admissible. Specifically, in his motions in limine, the Trustee asserted that he "intends to offer into evidence certain documents relating to the examinations that indicate that FRB Chicago repeatedly found deficiencies" in BMO Harris's procedures. As such, the Court observed that the Trustee "cannot seek the exclusion of evidence that may be unfavorable to his position while simultaneously seeking exceptions for similar evidence that might be favorable to him."

Here, based on the Court's assessment of Ghiglieri's testimony on direct examination thus far, evidence pertaining to FRB Chicago's examinations of BMO Harris is relevant to rebut the Trustee's evidence that BMO Harris's conduct and procedures were deficient. Moreover, BMO Harris seeks to discredit Ghiglieri. In her expert report, Ghiglieri relies on the Federal Reserve's regulatory materials and FRB Chicago's examinations of BMO Harris, including the exhibits that the Trustee now seeks to exclude. And during her direct examination, Ghiglieri testified about Federal Reserve regulations and gave her opinion as to whether BMO Harris's employees performed their jobs appropriately. As such, the extent to which Ghiglieri considered evidence of FRB

2

Chicago's examinations, and the opinions she drew from that information, are relevant to the jury's evaluation of the weight and credibility of Ghiglieri's opinions.

For these reasons, the Trustee's objections to BMO Harris's challenged exhibits are overruled. However, the Court will provide the following limiting instruction to the jury after such evidence has been presented:

> Members of the jury, you have seen and heard evidence pertaining to examinations conducted by the Federal Reserve Bank of Chicago. This evidence may be considered by you only for purpose of evaluating the accuracy and credibility of the opinions and testimony of Catherine Ghiglieri. This evidence may not be considered for any other purpose.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's objections to Defendant's exhibits DD-11, DD-13, DD-14, DX50073, DX50136, DX50165, DX50233, DX50356, DX50422, DX50445, DX50588, DX50710 and DX50821 are **OVERRULED**.


Dated: October 24, 2022                                 s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge