UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Douglas A. Kelley, *in his capacity as the Trustee of the BMO Litigation Trust*,

Plaintiff,

v.

BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*,

Defendant.

Case No. 19-cv-1756 (WMW)

**ORDER**

---

This matter is before the Court on the request of Defendant BMO Harris Bank N.A. (BMO Harris) to permit rebuttal testimony from witness David Grant or, alternatively, a jury instruction pertaining to BMO Harris's production of documents from email backup tapes in 2018. (Dkt. 294.) Plaintiff Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust (Trustee), opposes BMO Harris's request. For at least the two reasons addressed below, BMO Harris's request is denied.

First, although BMO Harris argues that Grant's rebuttal testimony is necessary to "correct a misimpression" that has been presented to the jury, this argument is contrary to the record. This Court, in its July 18, 2022 Order affirming the bankruptcy court's spoliation sanction, observed that "BMO Harris has no knowledge of what happened to the 2014 [email backup tapes] after [David] Scherer found them, and [John] Vanderheyden later testified that the 2014 [email backup tapes] could have been destroyed." The bankruptcy court reached the same conclusion. And these conclusions

are consistent with the trial testimony, which reflects that BMO Harris found six email backup tapes in 2014, did not produce those six email backup tapes to the Trustee and does not know what happened to those six email backup tapes. Therefore, Grant's testimony is not necessary to "correct a misimpression" because no such misimpression has been created.

Second, rather than correcting a misimpression, the proposed testimony would *create* a misimpression—namely, that BMO Harris re-discovered the 2014 email backup tapes in 2017 and remedied its prior conduct by producing the contents of those email backup tapes. The bankruptcy court and this Court repeatedly have rejected this contention as speculative and unsupported by evidence. Permitting BMO Harris to present the proposed rebuttal testimony or jury instruction would open the door to the Trustee presenting contrary evidence demonstrating that BMO Harris and its counsel repeatedly withheld information or presented false information to opposing counsel and the bankruptcy court. As such, the Trustee would be permitted to call BMO Harris's counsel as witnesses to rebut Grant's testimony. BMO Harris has vigorously opposed the admission of such evidence, the Court has excluded such evidence, and the Court declines to revisit those decisions.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that BMO Harris's request, (Dkt. 294), is **DENIED**.

Dated: October 28, 2022           s/Wilhelmina M. Wright_____
                                  Wilhelmina M. Wright
                                  United States District Judge