# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust,

    Plaintiff,

v.

BMO Harris Bank N.A., as successor to M&I Marshall and Ilsley Bank,

    Defendant.

Case No.: 0:19-cv-01756-WMW

Hon. Wilhelmina M. Wright

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff's opposition (Doc. 313) fails to rebut the grounds for judgment detailed in Defendant's opening brief (Doc. 289).

**Actual-Knowledge Claims.** Plaintiff's recharacterizations cannot change the fact that Plaintiff (a lawyer) abandoned his actual-knowledge *claims* by testifying (under his own attorney's questioning) that he is not "claiming" that any M&I employee "knew that there was a Ponzi scheme." Plaintiff had already denied that M&I employees were scheme-participants or bribe-recipients, making employee knowledge the testimony's only point.[1] Allowing the actual-knowledge claims to proceed would be error and would confuse the jury.[2]

**Willful Blindness.** Minnesota law does not allow Plaintiff to prove actual knowledge with willful-blindness evidence. Plaintiff cites *dicta* from *Ariola v. City of Stillwater*, but that non-controlling decision did not involve any claims asserted here or analyze whether willful blindness could prove actual knowledge.[3] And the Eighth Circuit has stressed that aiding-and-abetting requires that defendants "*actually knew* of the underlying wrongs."[4] A federal court should not create new Minnesota law here.

**Adverse Inference.** A possible adverse inference does not preclude a Rule 50 judgment on otherwise unsupported claims.[5]

---

[1] Tr. 1950:12-1951:5.
[2] *Hailes v. Compudyne Corp.*, No. 2:05-cv-54, 2007 WL 60923, at *1 n. 1 (M.D. Ala. Jan. 8, 2007).
[3] 889 N.W.2d 340, 359 (Minn. Ct. App. 2017).
[4] *Zayed v. Associated Bank, N.A.*, 913 F.3d 709, 714-15 (8th Cir. 2019).
[5] *Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, 980 F.3d 1117, 1135-1136 (7th Cir. 2020).

**MUFA Claim.** Plaintiff lists purported knowledge and bad-faith evidence, but nothing cited rises above potential negligence, let alone shows the dishonesty required for bad faith.[6]

Plaintiff also insists that he need not connect specific MUFA-violating transactions to M&I employees with scienter or to his claimed damages. But *uncontradicted* precedents hold that plaintiffs must "identify [a] specific employee who processed a specific transaction" with scienter and otherwise prove liability and damages on a transaction-specific basis.[7] Nothing supports the notion that asserting "far-reaching" claims on behalf of a "sham operation" lessens the required proof.

**Breach-of-Fiduciary-Duty Claim.** Plaintiff asserts that the motion-to-dismiss ruling acknowledged "general fiduciary duties" under the Palm Beach DACA that M&I breached by ignoring unspecified facts. He is wrong about the motion-to-dismiss-ruling: it held that "what duties Defendant owed and to whom" was "a fact question not appropriately resolved on a motion to dismiss."[8] He has no answer to the DACA language inconsistent with M&I fiduciary duties to PCI. He identifies no DACA provision that M&I breached. And he has no evidence that PCI's debt to Palm Beach increased post-DACA.

**Aiding-And-Abetting-Fraud Claim.** Plaintiff cannot assert a claim for aiding and abetting fraud on *investors*. The motion-to-dismiss-ruling did not bless such a claim, and

---

[6] Doc. 289 at 8-9.
[7] *Buffets, Inc. v. Leischow*, No. 11-cv-405, 2012 WL 2402828, at *5 (D. Minn. June 26, 2012), *aff'd*, 732 F.3d 889 (8th Cir. 2013); Doc. 289 at 20-22.
[8] Doc. 4-14 at 15.

2

subsequent rulings have described fraud against *PCI* as the predicate tort.[9] Plaintiff has no standing to bring claims for wrongs against, or harms to, investors.[10] And Plaintiff must be estopped from asserting any claim based on fraud against investors after he successfully opposed admission of investor-complicity evidence that refutes investor reliance.[11] Doing otherwise would be grounds for a mistrial.

Nor can Plaintiff save his aiding-and-abetting-fraud claim by citing lies that PCI management told certain PCI employees. Because Petters owned and wholly controlled PCI, lies to low-level employees did not deceive PCI.[12]

**PCI-Management Fiduciary Duties.** Nothing cited by Plaintiff allows damages on his aiding-and-abetting-breach-of-fiduciary-duty and MUFA claims beyond money taken by PCI management. He references a Delaware-law decision that does not contradict the Eighth Circuit's holding that, in Minnesota, "[t]he fiduciary duty of an insolvent corporation's directors and officers to preserve and protect the assets of the corporation does not extend beyond the prohibition against self-dealing or preferential treatment."[13] And he points to *allegations* about PCI paying for Polaroid, but cites no supporting *evidence* introduced at trial.

---

[9]   Doc. 4-14 at 10; Doc. 289 at 13 n.29.
[10]  Doc. 70 at 5-12; *In re Ozark Rest. Equip. Co.*, 816 F.2d 1222, 1224-27 (8th Cir. 1987).
[11]  Doc. 241 at 3-7; *Gustafson v. Bi-State Dev. Agency of Mo.-Ill. Metro. Dist.*, 29 F.4th 406, 410-411 (8th Cir. 2022).
[12]  Doc. 289 at 13-14.
[13]  *Helm Fin. Corp. v. MNVA R.R., Inc.*, 212 F.3d 1076, 1081 (8th Cir. 2000).

**Other Arguments.** Defendant disputes Plaintiff's remaining arguments, which the points above, Defendant's opening brief, and Defendant's brief opposing Plaintiff's judgment-as-a-matter-of-law motion (Doc. 324) rebut.

Dated: October 31, 2022

Respectfully submitted,

/s/ Keith S. Moheban

John Gleeson (*pro hac vice*)
Michael Schaper (*pro hac vice*)
Susan Reagan Gittes (*pro hac vice*)
Morgan Davis (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6389
jgleeson@debevoise.com
mschaper@debevoise.com
srgittes@debevoise.com
mdavis@debevoise.com

Lucia Nale (*pro hac vice*)
Joshua D. Yount (*pro hac vice*)
Thomas V. Panoff (*pro hac vice*)
Christopher S. Comstock (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
lnale@mayerbrown.com
jdyount@mayerbrown.com
tpanoff@mayerbrown.com
ccomstock@mayerbrown.com

Richard A. Spehr (*pro hac vice*)
Gina M. Parlovecchio (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2578
rspehr@mayerbrown.com
gparlovecchio@mayerbrown.com

Keith S. Moheban (#216380)
Adine S. Momoh (#390085)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
keith.moheban@stinson.com
adine.momoh@stinson.com

Donald B. Verrilli, Jr. (*pro hac vice*)
Elaine J. Goldenberg (*pro hac vice*)
Brendan B. Gants (*pro hac vice*)
MUNGER TOLLES & OLSON LLP
1155 F Street, NW, 7th Floor
Washington, DC 20004
Telephone: (202) 220-1100
donald.verrilli@mto.com
elaine.goldenberg@mto.com
brendan.gants@mto.com

**ATTORNEYS FOR BMO HARRIS BANK N.A., AS SUCCESSOR TO M&I MARSHALL & ILSLEY BANK**