UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Douglas A. Kelley, *in his capacity as the Trustee of the BMO Litigation Trust*,<br><br>Plaintiff,<br><br>v.<br><br>BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*,<br><br>Defendant. | Case No. 19-cv-1756 (WMW)<br><br>**ORDER** |

---

This matter is before the Court on the cross-motions of Plaintiff Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust (Trustee), and Defendant BMO Harris Bank N.A., as successor to M&I Marshall and Ilsley Bank (BMO Harris), for judgment as a matter of law. (Dkts. 288, 310, 320.) For the following reasons, the Trustee's motion is granted in part and denied in part, and BMO Harris's motions are denied.

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the court may "resolve the issue against the party" and "grant a motion for judgment as a matter of law against the party on a claim or defense." Fed. R. Civ. P. 50(a)(1). Applying this standard, a court "must draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence." *Arabian Agric. Servs. Co. v. Chief Indus., Inc.*, 309 F.3d 479, 482 (8th Cir.

2002) (internal quotation marks omitted). "A reasonable inference is one which may be drawn from the evidence without resort to speculation." *Id.* (internal quotation marks omitted). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).

BMO Harris seeks judgment as a matter of law as to the Trustee's four asserted claims, arguing that the evidence cannot support a verdict in the Trustee's favor as to Counts I through IV. Based on the parties' arguments and the evidence presented at trial, the Court concludes that a reasonable jury has a legally sufficient evidentiary basis to find for the Trustee as to Counts I through IV. Accordingly, these aspects of BMO Harris's motions are denied, and the Court will submit these factual issues to the jury subject to the Court's later consideration of the applicable legal issues raised by BMO Harris's motions. *See id.*

The parties also cross-move for judgment as a matter of law as to BMO Harris's thirty affirmative defenses. As an initial matter, BMO Harris persists in asserting defenses and arguments that this Court and the bankruptcy court previously have rejected, that BMO Harris has waived or that otherwise are inapplicable.[1] BMO Harris

---

[1] Indeed, BMO Harris refuses to concede *any* of its thirty defenses, and frivolously asks this Court to "grant judgment as a matter of law to BMO Harris or else submit . . . defenses to the jury" that the Court previously, and sometimes repeatedly, has rejected. BMO Harris similarly does not concede defenses that are moot, have been waived or abandoned, or have no apparent applicability, such as federal preemption, claim and issue

provides no valid factual or legal basis for continuing to advance these defenses and arguments. Accordingly, the Court summarily grants the Trustee's motion for judgment as a matter of law as to the following thirteen defenses asserted by BMO Harris: *in pari delicto* (First Defense), standing (Second Defense), failure to state a claim (Fourth Defense), contractual limitation on liability (Seventh Defense), claim and issue preclusion (Fourteenth Defense), failure to mitigate (Fifteenth Defense), failure to plead fraud with particularity (Seventeenth Defense), federal preemption (Eighteenth Defense), impossibility (Twenty-First Defense), setoff (Twenty-Sixth Defense), lack of statutory or contractual authority (Twenty-Eighth Defense), claims already dismissed (Twenty-Ninth Defense), and additional defenses (Thirtieth Defense).

Several of BMO Harris's asserted defenses pertain to the sufficiency of the evidence as to particular elements of the Trustee's claims, which the Trustee must prove. For the reasons addressed above, and based on the evidence presented at trial, the Court will submit these factual issues to the jury. As such, the Court denies the parties' motions for judgment as a matter of law as to the following six defenses asserted by BMO Harris: lack of proximate cause (Sixth Defense); lack of damages (Eighth Defense); penalties, attorneys' fees and costs unavailable (Nineteenth Defense); good faith (Twentieth Defense); damages speculative (Twenty-Fourth Defense); and no imputation (Twenty-Seventh Defense).

---

preclusion, and failure to plead fraud with particularity. By continuing to disregard the Court's prior orders and persist in advancing arguments that the Court has rejected or that are inapplicable, the parties will invite the Court to carefully consider whether sanctions against counsel are warranted.

In addition, several of BMO Harris's asserted defenses are equitable defenses. "The determination of equitable defenses . . . is a matter for the court to decide, not the jury." *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313, 343 (8th Cir. 2018) (internal quotation marks omitted). To the extent that BMO Harris has properly raised any equitable defenses, the Court will reserve ruling on the applicability of any such defenses until after the jury returns its verdict. Accordingly, the Court denies the parties' motions for judgment as a matter of law as to the following seven equitable defenses asserted by BMO Harris: unclean hands (Ninth Defense), laches (Tenth Defense), equitable estoppel (Eleventh Defense), waiver (Twelfth Defense), acquiescence (Thirteenth Defense), unjust enrichment (Sixteenth Defense), and judicial estoppel (Twenty-Fifth Defense).

The parties also cross-move for judgment as a matter of law as to BMO Harris's UCC preemption defense (Third Defense), which presents legal questions. BMO Harris argues that Articles 3 and 4A of Minnesota's Uniform Commercial Code (UCC) preempt the Trustee's claims. *See* Minn. Stat. §§ 336.3-101 *et seq.*; 336.4A-101 *et seq.* Article 3 of the UCC applies a three-year limitations period to claims that seek "to enforce an obligation, duty, or right arising under" Article 3. *See* Minn. Stat. § 336.3-118(g). And Article 4A of the UCC applies a three-year limitations period to claims that implicate the precise nature of the fund-transfer process described in the statute. *See* Minn. Stat. § 336.4A-105(d). But "law relative to . . . fraud" supplements the UCC provisions. Minn. Stat. § 336.1-103(b); *accord Chouteau Auto Mart, Inc. v. First Bank of Mo.*, 148

4

S.W.3d 17, 19, 21–22, 24 (Mo. Ct. App. 2004).  And issues that go "beyond the scope of wire transfer services" do not "create rights, duties, or liabilities inconsistent with Article 4A, but in addition to it."  *Hedged Inv. Partners, L.P. v. Norwest Bank Minn., N.A.*, 578 N.W.2d 765, 771 (Minn. Ct. App. 1998).  For these reasons, the Trustee's claims are not preempted by Minnesota's UCC.  The Court, therefore, grants the Trustee's motion for judgment as a matter of law as to BMO Harris's UCC preemption defense.

The parties also cross-move for judgment as a matter of law as to BMO Harris's contractual limitations period defense (Twenty-Second Defense), which pertains to a 2008 Depository Agreement between the Trustee and M&I and a 2006 Wire Transfer Agreement between PCI and M&I.  In relevant part, the Depository Agreement imposes a limitations period for claims against BMO Harris "based on an unauthorized missing signature or alteration on a check, unauthorized or missing endorsements, improper bank charges, or other similar account problems."  The Wire Transfer Agreement similarly imposes a limitations period for claims against BMO Harris concerning "any unauthorized payment order or amended payment order, any payment to a beneficiary not intended by [PCI], any payment in an amount greater than the amount intended by [PCI] and any payment order duplicative of a payment order previously sent by [PCI]."  Because these contractual provisions are unambiguous, their interpretation presents a question of law for the Court.  *See Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346–47 (Minn. 2003).  None of the Trustee's claims pertains to the types of transactions that fall within the scope of the relevant contractual limitations periods.  Accordingly, the

Court grants the Trustee's motion for judgment as a matter of law as to BMO Harris's contractual limitations period defense.

Finally, the parties cross-move for judgment as a matter of law as to two of BMO Harris's defenses that implicate fact issues—namely, statute of limitations (Fifth Defense) and consent or ratification (Twenty-Third Defense). Based on the parties' arguments and the evidence presented at trial, the Court concludes that a reasonable jury has a legally sufficient evidentiary basis to find for BMO Harris as to these defenses. Accordingly, these aspects of the parties' motions are denied, and the Court will submit these factual issues to the jury subject to the Court's later consideration of the applicable legal issues raised by the parties' motions with respect to these defenses. *See* Fed. R. Civ. P. 50(b).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant BMO Harris Bank N.A.'s motions for judgment as a matter of law, (Dkts. 288, 320), are **DENIED**.

2. Plaintiff Douglas A. Kelley's motion for judgment as a matter of law, (Dkt. 310), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

Dated: November 3, 2022                    s/Wilhelmina M. Wright____
                                           Wilhelmina M. Wright
                                           United States District Judge