```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA

-----------------------------------------------------------
                                  )
 Douglas A. Kelley, in his        ) File No. 19-cv-1756
 capacity as the Trustee of the   )          (WMW)
 BMO Litigation Trust,            )
                                  )
         Plaintiff,               ) St. Paul, Minnesota
                                  ) November 7, 2022
 vs.                              ) 10:22 a.m.
                                  )
 BMO Harris Bank N.A., as         )
 successor to M&I Marshall and    )
 Ilsley Bank,                     )
                                  )
         Defendant.               )
                                  )
-----------------------------------------------------------



            BEFORE THE HONORABLE WILHELMINA M. WRIGHT
                UNITED STATES DISTRICT COURT JUDGE
```

**(JURY TRIAL PROCEEDINGS - VOLUME XVI)**

   Proceedings reported by certified court reporter; transcript produced with computer.

LORI A. SIMPSON, RMR-CRR
(651) 848-1225

```
 1    APPEARANCES:
       For the Plaintiff:        Robins Kaplan, LLP
 2                               MICHAEL A. COLLYARD, ESQ.
                                 DAVID E. MARDER, ESQ.
 3                               PETER C. IHRIG, ESQ.
                                 MORGIA D. HOLMES, ESQ.
 4                               MICHAEL D. REIF, ESQ.
                                 800 LaSalle Avenue
 5                               Suite 2800
                                 Minneapolis, Minnesota 55402
 6
                                 Anthony, Ostlund, Louwagie,
 7                               Dressen, Boylan, P.A.
                                 JOSEPH W. ANTHONY, ESQ.
 8                               JOSEPH R. RICHIE, ESQ.
                                 RYAN M. LAWRENCE, ESQ.
 9                               90 South Seventh Street
                                 Suite 3600
10                               Minneapolis, Minnesota 55402

11     For the Defendant:        Stinson, LLP
                                 KEITH S. MOHEBAN, ESQ.
12                               ADINE S. MOMOH, ESQ.
                                 50 South Sixth Street
13                               Suite 2600
                                 Minneapolis, Minnesota 55402
14
                                 Debevoise & Plimpton, LLP
15                               JOHN GLEESON, ESQ.
                                 MICHAEL SCHAPER, ESQ.
16                               SUSAN REAGAN GITTES, ESQ.
                                 MORGAN A. DAVIS, ESQ.
17                               919 Third Avenue
                                 New York, New York 10022
18
                                 Mayer Brown, LLP
19                               JOSHUA D. YOUNT, ESQ.
                                 71 South Wacker Drive
20                               Chicago, Illinois 60606

21                               Mayer Brown, LLP
                                 RICHARD A. SPEHR, ESQ.
22                               GINA PARLOVECCHIO, ESQ.
                                 1221 Avenue of the Americas
23                               New York, New York 10020

24     Court Reporter:           LORI A. SIMPSON, RMR-CRR
                                 316 North Robert Street
25                               St. Paul, Minnesota 55101
```

**I N D E X**

PAGE

JURY QUESTIONS                                                         3811

**P R O C E E D I N G S**

**IN OPEN COURT**

**(JURY NOT PRESENT)**

1
2
3
4           THE COURT:  So we are here in open court outside
5  the presence of the jury because we have -- and this is
6  Kelley vs. BMO Harris Bank, 19-cv-1756.  The jury has
7  provided a question to the Court, and I will read that now.
8  Do we have the question?  It is just -- the jury asked three
9  questions:
10          "1.  Jury Instruction Number 20.  Does this imply
11 that actions <u>before</u> November 15th, 2006 should not be
12 considered in our deliberations?
13          The second question was regarding Jury Instruction
14 Number 21.  "In layman's terms, how does this apply to the
15 charges?  Does this mean that PCI knowingly acted the way
16 they did and agrees to the actions?"
17          And the third question pertains to Jury
18 Instructions 14 and 15, and that is:  "Does the Court know
19 if bank accounts were set up for Special Interest groups?"
20          The answer that I propose to give is:
21          "As provided in the Court's jury instructions,
22 your duty is to decide what the facts are from the evidence.
23 The jury instructions, including but not limited to Jury
24 Instruction 3, describe what is evidence and what is not
25 evidence.

1       "After you have decided what the facts are, you
2   must apply those facts to the law, which has been provided
3   to you in the Court's jury instructions.  These instructions
4   include, but are not limited to, Jury Instruction 20 and
5   Jury Instruction 21.
6       "You must follow all the Court's instructions no
7   matter when the Court gave them.  Do not single out some
8   instructions and ignore others, because they are all
9   important."
10      Do the parties wish to be heard as to the response
11  that I intend to give?
12      MR. MARDER:  The plaintiff would like to be heard,
13  Your Honor.
14      THE COURT:  Yes, you may.
15      MR. MARDER:  Your Honor, taking these one at a
16  time, first with Instruction Number 20, we think that the
17  answer to that question should be "No."
18      It's very clear under the law that a cause of
19  action accrues when all elements of the claim come into
20  existence, including damages.  So it is very clear that
21  conduct before November 15th, 2006 is considered in the
22  deliberations.  That conduct -- the underlying conduct could
23  certainly prove knowledge even if it was before
24  November 15th, 2006.
25      So we think that -- the answer to that question

1  should be "No."

2  With respect to Question [sic] Number 21, the jury
3  appears to be a bit confused about the concept of knowledge.
4  You had included in your instructions the notion that the
5  people who were acting to defraud the company, that their
6  knowledge could not be considered.

7  So in response to Number 21, it is the plaintiff's
8  position that it should be drawn to the jury's attention
9  that they should not take into account the conduct of the
10 individuals who are acting fraudulently.

11 As opposed to -- with regard to the third
12 question, Jury Instruction Number 14 and 15, I think on that
13 one we think that the jury should just be referred to the
14 evidence and to apply it as they remember it.

15 But as to the first two, Your Honor, we think it's
16 very important that the jury be instructed on Number 20 that
17 they can take into account conduct that happened before
18 November 15th, 2006 because it's black-letter law that that
19 conduct is relevant as long as damages did not accrue until
20 after that date.

21 And with respect to 21, I really think they need
22 to be -- it needs to be brought home to them that they can't
23 take into account the knowledge of, quote, PCI, but rather
24 the knowledge of the people at PCI that were not acting
25 fraudulently.

1       THE COURT: Thank you, Counsel.
2       MR. SCHAPER: Good morning, Your Honor.
3       THE COURT: Good morning.
4       MR. SCHAPER: Michael Schaper for BMO Harris Bank.
5       On the first two questions, defendant agrees with
6  the Court's proposed answer. We think that the jury
7  instructions at issue are clear and were put together after
8  careful briefing and argument by both sides, and we think
9  that they provide the information the jury needs there.
10      On question number 3 as to Jury Instructions 14
11 and 15, defendant actually would suggest trying to get
12 clarification from the jury about what they're asking about
13 when they refer to "special interest groups."
14      It's not a term that is in Instructions Number 14
15 or 15 and it was not a term that was used throughout the
16 trial. So it's, to us, just not clear what that question
17 relates to, and so we would respectfully suggest that we try
18 to get some clarity as to what the jurors have in mind with
19 that question.
20      THE COURT: Anything further as to this matter?
21      MR. MARDER: Not from the plaintiff, Your Honor.
22      THE COURT: Okay. I appreciate the positions of
23 the parties and am not swayed to do anything other than what
24 I proposed to do, which is to direct the jury through this
25 answer:

1          "As provided in the Court's jury instructions,
2   your duty is to decide what the facts are from the evidence.
3   The jury instructions, including but not limited to Jury
4   Instruction 3, describe what is evidence and what is not
5   evidence.
6          "After you have decided what the facts are, you
7   must apply those facts to the law, which has been provided
8   to you in the Court's jury instructions.  These instructions
9   include, but are not limited to, Jury Instruction 20 and
10  Jury Instruction 21.
11         "You must follow all of the Court's instructions,
12  no matter when the Court gave them.  Do not single out some
13  instructions and ignore others, because they all are
14  important."
15         So that is what will -- the answer that the Court
16  will provide to these questions.
17         Is there anything else that needs to be brought to
18  the Court's attention?
19         MR. MARDER:  No, Your Honor.
20         MR. SCHAPER:  No, Your Honor.
21         THE COURT:  Okay.  Very well.  We are in recess.
22      (Recess taken at 10:29 a.m.)
23                    *    *    *    *    *
24
25

1
2
3       I, Lori A. Simpson, certify that the foregoing is a
4   correct transcript from the record of proceedings in the
    above-entitled matter.
5              Certified by:   *s/ Lori A. Simpson*
6                              Lori A. Simpson, RMR-CRR
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25