UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas A. Kelley, *in his capacity as the Trustee of the BMO Litigation Trust*,

Plaintiff,

v.

BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*,

Defendant.

Case No. 19-cv-1756 (WMW)

**ORDER**

This matter is before the Court on the motion of Defendant BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*, (BMO Harris) for a stay of execution on the judgment in this case pending appeal. (Dkt. 353.) Plaintiff Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust (Trustee), opposes BMO Harris's motion.

Execution on a judgment, and any proceedings to enforce the judgment, are automatically stayed for 30 days after the entry of judgment "unless the court orders otherwise." Fed. R. Civ. P. 62(a). On November 9, 2022, following the jury trial in this matter, the Court entered judgment on the jury's verdict. As such, the automatic stay of proceedings to enforce the judgment will be lifted on December 9, 2022, unless the Court orders otherwise.

At any time after judgment is entered, a district court may stay execution and enforcement of the judgment for a specified length of time if a party provides "a bond or

other security." Fed. R. Civ. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.* Rule 62 is silent as to the amount or other qualities of a bond that will be necessary to obtain court approval. *Selective Ins. Co. of S.C. v. Sela*, No. 16-CV-4077 (PJS/BRT), 2020 WL 3638770, at *1 (D. Minn. July 6, 2020). A district court ordinarily sets the bond "in the full amount of the judgment plus interests, costs, and damages for delay." *New Access Commc'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (internal quotation marks omitted).

A district court also has the authority to waive the bond requirement and to stay the enforcement of judgment pending appeal without a bond. *Id.* Courts generally consider five factors when determining whether such a waiver is warranted: (1) the complexity of the collection process, (2) the amount of time required to obtain the judgment if it is affirmed on appeal, (3) the district court's degree of confidence that the debtor has sufficient funds to pay the judgment, (4) whether the debtor's ability to pay the judgment is so plain that the cost of a bond is a waste of money, and (5) whether the debtor is in such a precarious financial position that requiring the debtor to post a bond would jeopardize the ability of the debtor's other creditors to collect. *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417–18 (2d Cir. 2015); *Dillon v. City of Chi.*, 866 F.2d 902, 904–05 (7th Cir. 1988).

BMO Harris argues that it is entitled to a stay of execution on the judgment without a bond requirement pursuant to the National Bank Act, 12 U.S.C. § 91. In the alternative, BMO Harris contends that the bond requirement should be waived pursuant

to the Court's discretion, the bond should be limited to $150 million pursuant to Rule 62(f), Fed. R. Civ. P., or the Court should approve BMO Harris's proposed bond securing the full judgment amount. The Trustee counters that BMO Harris's motion is premature because the Trustee has agreed not to seek enforcement of the judgment until after post-trial motions are resolved, at which time the Trustee has agreed give BMO Harris 30 days' notice before seeking to enforce the judgment. Moreover, the Trustee maintains that the "determination of an appropriate bond or other security in this case will not be ripe until after post-judgment motions are decided."

In light of the parties' arguments, the Court concludes that a limited stay of execution on the judgment is warranted, but only until 30 days after the Court rules on the parties' forthcoming post-judgment motions. Assuming without deciding that the Court is authorized to impose a bond or security requirement on BMO Harris, the Court exercises its discretion to waive the bond or security requirement for the purpose of this limited stay. Such waiver is appropriate based on the Court's assessment of the relevant factors, including the complexity of the collection process, the amount of time required to obtain the judgment if it is affirmed on appeal, BMO Harris's financial position and the Court's degree of confidence that BMO Harris has the funds and ability to pay the judgment. *See In re Nassau Cnty.*, 783 F.3d at 417–18. If either party seeks to dissolve, extend or otherwise modify this stay, either before or after the stay expires pursuant to the terms of this Order, that party must file a motion that provides a legal and factual basis in support of the relief sought.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant BMO Harris Bank N.A.'s motion for a stay of execution on the judgment in this case pending appeal, (Dkt. 353), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2. Execution on the November 9, 2022 judgment, (Dkt. 352), is **STAYED** until 30 days after the Court rules on the parties' forthcoming post-judgment motions unless otherwise ordered by the Court.

3. The requirement that Defendant BMO Harris Bank N.A. post a bond or other security as to the foregoing stay is waived.

Dated: December 8, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge