UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Douglas A. Kelley, *in his capacity as the Trustee of the BMO Litigation Trust*,

Plaintiff,

v.

BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*,

Defendant.

Case No. 19-cv-1756 (WMW)

**ORDER**

---

On June 26, 2023, the Court entered judgment on the jury's verdict in this breach-of-fiduciary-duty and fraud case, (Dkt. 448), making Defendant BMO Harris Bank N.A. (BMO Harris) responsible for more than $560 million in damages, plus pre-judgment and post-judgment interest. BMO Harris now seeks a stay of the judgment pending resolution of its appeal. Plaintiff Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust, opposes the motion, asking that the Court order BMO Harris to post a bond in the full amount of the judgment, including interest, costs, and delay damages.

Rule 62(b) of the Federal Rules of Civil Procedure provides for a stay of a judgment pending appeal if the party seeking the stay posts "a bond or other security." Fed. R. Civ. P. 62(b). "The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *Adzick v. Unum Life Ins. Co. of Am.,* No. 99-CV-808 (JRT/FLN), 2003 WL 21011345, at *1 (D. Minn. April 16, 2003) (quotation omitted). In the appropriate circumstances, however, the Court may

waive the bond requirement. *New Access Commc'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005).

BMO Harris first contends that it is entitled as a matter of law to the stay of execution it requests, citing the National Bank Act, 12 U.S.C. § 91. This statute provides that "no attachment, injunction, or execution, shall be issued against [any national banking] association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court." 12 U.S.C. § 91. BMO Harris argues that "the Fifth Circuit and other courts" have interpreted this provision to prohibit execution on a judgment against a national bank until all appeals of that judgment are concluded. But no court in the Eighth Circuit has so held. Nor has the Supreme Court endorsed BMO Harris's view that a final judgment is one that is no longer subject to challenge on appeal. *Cf.*, *Melkonyan v. Sullivan*, 501 U.S. 89, 95 (1991) ("Traditionally, a 'final judgment' is one that is final and appealable."); Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). The judgment in this case is final, as evidenced by BMO Harris's appeal of that judgment. (Dkt. 449.) The National Bank Act does not prohibit execution on the judgment pending appeal.

BMO Harris next asks the Court to exercise its discretion to waive the bond requirement, arguing that there is no danger that it will be unable to pay the judgment should its appeal be unsuccessful. Kelley, pointing to the recent failure of several national and international banks, contends that BMO Harris's belief in its own solvency is overly optimistic. He asserts that a bond is necessary to ensure that the more than fifteen years of

effort to secure recompense for victims of the long-running Petters Ponzi scheme are not for naught.

"The purpose of requiring a supersedeas bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Adams v. Toyota Motor Corp.*, No. 10-CV-2802 (ADM/JSM), 2015 WL 3742898, at *19 (D. Minn. June 15, 2015) (quotation omitted).  Although BMO Harris claims that its current financial position is strong, economic conditions both here and abroad are unsettled.  There is no guarantee that any business, whether a large bank or a small company, will maintain its economic strength into the future.  A bond to secure the stay BMO Harris seeks is appropriate.

BMO Harris argues in the alternative that any bond must be capped at $150 million under Rule 62(f).  This subsection provides that, "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  Fed. R. Civ. P. 62(f).  Under Minnesota law, the judgment of a federal court in Minnesota constitutes "a lien upon the real property of the judgment debtor situated in the county in which it is so docketed."  Minn. Stat. § 548.11.  And Minnesota caps appeal bonds in any case at $150 million.  *Id.* § 550.36.  Neither party cites any authority from this District discussing whether Minnesota's cap on appeal bonds applies in federal court, and the Court's research has revealed no such authority.

"Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for new trial."  *Van Huss v.*

*Landsberg*, 262 F. Supp. 867, 870 (W.D. Mo. 1967). Thus, "Rule 62(f) is intended to only give an automatic stay in accordance with state law in those cases in which the judgment creditor has the security of his lien" on the judgment debtor's real property. *Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty., Kan.*, 844 F. Supp. 1414, 1418 n.2 (D. Kan. 1993). BMO Harris does not argue that it has $560 million worth of real property in Ramsey County that would provide security for its appeal, or even that it has $150 million in such property.

Given the dearth of authority from this District or the Eighth Circuit Court of Appeals on this issue, a determination that § 550.36 caps appeal bonds at $150 million in every federal case is not warranted.

Finally, and in the alternative to its other arguments, BMO Harris asks the Court to approve its proposed bond of $1,158,806,436.37. Kelley does not oppose the amount of BMO Harris's proposed bond, but rather asks the Court to calculate the bond amount after the Court rules on Kelley's motion to clarify the judgment. This motion seeks to add specific dollar amounts in pre- and post-judgment interest and costs to the previously entered judgment. But BMO Harris's proposed bond is $100 million more than Kelley's requested total judgment, and thus a delay in approving BMO Harris's proposed bond to await a future ruling on Kelley's motion to clarify is unnecessary.

Because Rule 62 requires, as a "general rule," a bond in the full amount of the judgment, *Adzick*, 2003 WL 21011345, at *1, BMO Harris's request for approval of a bond of $1,158,806,436.37 will be granted.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's motion to stay judgment, (Dkt. 453), is **GRANTED in part** and **DENIED in part** as addressed herein.

2. Under Rule 62, Fed. R. Civ. P., the stay of judgment is conditioned on Defendant posting with the Clerk of Court a supersedeas bond in the amount of $1,158,806,436.37.

Dated: July 25, 2023

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge