UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Douglas A. Kelley, *in his capacity as the Trustee of the BMO Litigation Trust*, | Case No. 19-cv-1756 (WMW) |
| Plaintiff, | **ORDER** |
| v. | |
| BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*, | |
| Defendant. | |

---

Plaintiff Douglas A. Kelley, in his capacity as the Trustee of the BMO Litigation Trust, has moved to clarify or amend the judgment entered on June 26, 2023. (Dkt. 460.) Kelley requests that the Court add specific amounts of prejudgment interest and costs to the judgment and determine the date post-judgment interest begins to accrue. Defendant BMO Harris Bank N.A. (BMO Harris), opposes some aspects of the motion but does not oppose including in the judgment some prejudgment interest or the amount of costs Kelley seeks.[1]

## ANALYSIS

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its

---

[1] BMO Harris does not waive the arguments it raised in post-trial briefing on these issues. (Dkt. 470 at 3 n.2.) Having rejected BMO Harris's arguments in the order on the parties' post-trial motions (Dkt. 447), the Court will not address them again here.

own, with or without notice." Fed. R. Civ. P. 60(a). But the rule only permits "a correction for the purpose of reflecting accurately a decision that the court actually made." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (quotation omitted). Thus, to the extent that Kelley's motion seeks to include interest the Court previously awarded, Rule 60(a) is the proper procedural vehicle for such motion. *See Mayo Clinic v. United States*, No. 16CV3113(ECT/ECW), 2023 WL 2597054, at *2 (D. Minn. Mar. 22, 2023) (finding it "appropriate to clarify the judgment to specify statutory interest pursuant to Rule 60(a)").

Where, however, the amounts sought to be included in the judgment were not previously awarded, Rule 59(e) governs. A motion under this rule "'serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Relief under Rule 59(e) is available only in "extraordinary circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987).

Kelley invokes Rule 60(a) as the primary basis for his motion but contends that Rule 59(e) also provides support for his requests. The applicable rule for each category of interest or costs is addressed below.

### I.  Interest from November 14, 2012, to Verdict

Kelley first seeks the addition of pre-judgment interest to the verdict in the amount of $483,811.735.41. He calculates this amount as accruing on the compensatory-damages amount of $484,209,716 from the date he filed this action, November 14, 2012, to the date of the jury's verdict.

However, as BMO Harris observes, Kelley sought in prior briefing pre-verdict interest from the date he served BMO Harris, November 15, 2012, not November 14, 2012. (*See* Dkt. 384 at 12.) Kelley's new request adds $132,660.19 to the prejudgment interest he previously sought. BMO Harris does not object to the remainder of Kelley's pre-verdict interest request, implicitly conceding that $483,679,075.22 in pre-verdict interest should be added to the judgment.

Because Kelley previously did not include November 14, 2012, in his request for prejudgment interest, Kelley's motion on this point does not merely seek to "reflect a decision the court actually made." *Kocher*, 132 F.3d at 1229. Rule 60(a) therefore does not apply. Instead, this part of Kelley's motion must be analyzed as a request to amend under Rule 59(e). As such, the motion cannot be used to raise either new legal theories or new arguments. *See Ryan*, 889 F.3d at 507. Kelley's request for prejudgment interest beginning November 14, 2012, is a new argument that Kelley could have, and indeed should have, raised earlier. As such, under Rule 59(e), it must be denied.

Kelley's motion to add pre-verdict, prejudgment interest, therefore, is granted as to $483,679,075.22 in pre-verdict interest, and denied as to $132,660.19 in pre-verdict interest for November 14, 2012.

## II. Post-Verdict Interest at the Prejudgment Rate for November 9, 2022

Kelley next requests that the judgment be "clarified" to include one additional day of prejudgment interest, November 9, 2022. The jury returned its verdict on November 8, 2022, and the Court entered judgment on that verdict on November 9. Kelley contends that prejudgment interest—which carries a rate of 10%, in contrast with the post-judgment rate of 4.74%—should accrue for November 9, 2022, for an additional $287,001.33.

As to Kelley's initial request for prejudgment interest, the Court ordered that such interest would accrue "until the date of the verdict." (Dkt 447 at 7.) The Court also directed the Clerk of Court to add post-judgment interest "calculated from the date of the verdict to the date of this Order." (*Id.* at 4.) Kelley contends that the Court "inadvertently" neglected to include November 9 in the prejudgment-interest determination, despite his request that the prejudgment period include November 9.

Kelley's argument does not seek clarification. Rather, the argument seeks reconsideration of a decision previously rendered. As such, it is not properly the subject of a motion under Rule 60(a). It is instead a motion under Rule 59(e) that seeks to correct an error of law.

The operative provision, 28 U.S.C. § 1961(a), forecloses Kelley's argument that the Court erred in determining that November 9, 2022, was properly included in post-judgment, not prejudgment, interest. Section 1961(a) mandates that post-judgment interest be "calculated from the date of the entry of the judgment." *Id.*; *see also ResCap Liquidating Tr. v. Primary Residential Mortg., Inc.*, 59 F.4th 905, 922 (8th Cir. 2023) (noting that "federal law governs the award of postjudgment interest"). As the judgment was entered

4

November 9, 2022, post-judgment interest began to accrue on that day. *See ResCap*, 59 F.4th at 923 (finding that post-judgment interest began to accrue on the date the district court entered judgment on the verdict). Moreover, as addressed below, Kelley's motion also seeks post-judgment interest beginning on November 9. A judgment, however, cannot be subject to both pre- and post-judgment interest for the same day. Kelley's request for post-verdict interest at the prejudgment rate for November 9, 2022, therefore, is denied.

### III.    Costs

Kelley filed a bill of costs in the amount of $109,600.29. (Dkt. 394.) BMO Harris did not object to the bill of costs as the Local Rules permit. *See* D. Minn. L.R. 54.3(c)(1)(B). Nor does BMO Harris contend in its opposition presented here that those costs are excessive or otherwise cannot be awarded. The costs Kelley seeks will be added to the judgment.

### IV.    Post-Judgment Interest on Total Award, Including Prejudgment Interest and Costs

Finally, Kelley requests that the judgment be amended to provide for the accrual of post-judgment interest beginning November 9, 2022, on the total award including prejudgment interest and costs. In doing so, Kelley reasons that the total damages award, for purposes of the accrual of post-judgment interest, must include the Court's later award of prejudgment interest and the costs Kelley seeks in this motion, for a total award of more than $1 billion. Kelley does not ask that the Court order the addition of a specific amount to the judgment. Instead, Kelley requests the amendment of the judgment to provide for post-judgment interest of 4.74%, computed daily and compounded annually, on the total

award. According to BMO Harris, Kelley's request to calculate post-judgment interest on prejudgment interest for the period beginning on November 9, 2022, until the Court's decision granting Kelly prejudgment interest on June 26, 2023,[2] adds more than $14 million to the judgment.

This argument does not request clarification of the original judgment under Rule 60(a), however. This argument is a new contention that Kelley has not previously raised. As such, it is a motion to correct an error in the judgment under Rule 59(e) and may be granted only if Kelley establishes that the failure to do so would be legally erroneous.

BMO Harris counters that the Eighth Circuit Court of Appeals has explicitly rejected Kelley's argument. (Dkt. 470 at 4 (citing *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1008-09 (8th Cir. 2013)).) In *Travelers*, the Eighth Circuit awarded prejudgment interest on a previously ordered money judgment. *Travelers*, 735 F.3d at 1008. The Eighth Circuit then directed the district court to order the losing party to pay post-judgment interest on "today's new . . . award of prejudgment interest *commencing with entry of judgment in this appeal* and continuing through the eventual date of payment." *Id.* at 1009 (emphasis added). BMO Harris emphasizes that the Eighth Circuit did not conclude that post-judgment interest should accrue on prejudgment interest as of the date of the original award. Instead, the Eighth Circuit directed the district court to begin the accrual of post-judgment interest on prejudgment interest only after the date that the prejudgment interest was awarded.

---

[2] The Court granted Kelley's motion for prejudgment interest on June 23, 2023, (Dkt. 447), but judgment on that order was not entered until June 26, 2023, (Dkt. 448).

Kelley relies on *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11cv820 (JRT/HB), 2018 WL 3621206, at *23 (D. Minn. July 30, 2018), noting that the District Court determined that post-judgment interest is calculated on the total award, including prejudgment interest. But that broad proposition is not in question. Indeed, *Schwendimann* properly cites *Travelers* for that proposition. *See id.* ("Post-judgment interest applies to both the amount awarded in damages and prejudgment interest.") (citing *Travelers*, 735 F.3d at 1008). Here, the question is whether post-judgment interest accrues on prejudgment interest *before* that prejudgment interest is awarded in the first instance. The *Schwendimann* decision does not address this issue, presuming that it does. But in *Travelers*, the Eighth Circuit indicates that it does not. *See Travelers*, 735 F.3d at 1009.

Kelley also contends that the *ResCap* decision supports his position. *ResCap*, however, is distinguishable. In *ResCap*, the Eighth Circuit determined that an award of prejudgment interest for the time period after the jury's verdict but before a ruling on the applicability of prejudgment interest was contrary to the federal post-judgment interest statute. 59 F.4th at 923. Instead, the post-judgment interest rate applied to the time period at issue. *Id.* The *ResCap* Court did not address whether post-judgment interest was available on the portion of the damages award constituting prejudgment interest before the date of the prejudgment interest award. Kelley's reliance on *ResCap* is misplaced.

The *Travelers* decision is clear. Post-judgment interest is applied to prejudgment interest only as of the date prejudgment interest is awarded. *Travelers*, 735 F.3d at 1009. The judgment will be amended to include post-judgment interest at 4.74% on the jury's award as of the date of the judgment, November 9, 2022, and post-judgment interest on

7

that award plus prejudgment interest as of the date of the Court's award of prejudgment interest, June 26, 2023.[3]

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to clarify judgment, (Dkt. 460), is **GRANTED in part** and **DENIED in part**.

2. The judgment entered November 9, 2022, (Dkt. 352), is **AMENDED** to provide that Plaintiff shall recover from Defendant the following additional amounts:

   a. $483,679,075.22 in prejudgment interest;

   b. $109,600.29 in costs; and

   c. Interest at the rate of 4.74% calculated from November 9, 2022, on the jury's award, and from June 26, 2022, on the total award including prejudgment interest and costs, computed daily and compounded annually until the total award is paid.

Dated: August 15, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

[3] BMO Harris does not dispute Kelley's request for post-judgment interest on the costs award. Given that the costs are a tiny percentage of the total award in this matter, the judgment will be amended to allow the inclusion of the costs award for purposes of post-judgment interest as of the date of the prejudgment interest ruling.