UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────────────────────

| | |
|---|---|
| Douglas A. Kelley, *in his capacity as the Trustee of the BMO litigation trust*, | File No. 19-cv-1756 (ECT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*, | |
| Defendant. | |

───────────────────────────────────────────────────────────────

J. David Jackson, Dorsey & Whitney LLP, Minneapolis, MN; Joseph W. Anthony, Joseph Robert Richie, and Ryan Matthew Lawrence, Anthony Ostlund Baer & Louwagie PA, Minneapolis, MN;  Michael A. Collyard, Stephen P. Safranski, Thomas L. Hamlin, William E. Manske, Michael D. Reif, and Peter Ihrig, Robins Kaplan LLP, Minneapolis, MN; and David Marder and Morgia Holmes, Robins Kaplan LLP, Boston, MA, for Plaintiff Douglas A. Kelley *in his capacity as the Trustee of the BMO Litigation Trust*.

Keith S. Moheban, Stinson Leonard Street LLP, Minneapolis, MN; Debra L. Bogo-Ernst, Joshua D. Yount, Lucia Nale, Thomas Vangel Panoff, and Gina Parlovecchio, Mayer Brown LLP, Chicago, IL; Donald B. Verrilli, Jr. and Elaine Goldenberg, Munger, Tolles & Olson LLP, Washington, D.C.; Christopher Steven Comstock, Sheppard Mullin Richter & Hampton LLP, Chicago, IL; Andrew J. Calica, Gina Parlovecchio, and Richard A. Spehr, Mayer Brown LLP, New York, NY; John Gleeson, Morgan A. Davis, Noelle E. Lyle, Susan Reagan Gittes, and Michael Schaper, Debevoise & Plimpton LLP, New York, NY; and Sean O'Donnell Bosack, Godfrey & Kahn, S.C., Milwaukee, WI, for Defendant BMO Harris Bank N.A., *as successor to M&I Marshall and Ilsley Bank*.

───────────────────────────────────────────────────────────────

Plaintiff Trustee Douglas A. Kelley alleged that Defendant BMO Harris Bank N.A., as successor-in-interest to M&I Marshall and Ilsley Bank, aided and abetted a breach of fiduciary duty committed by the management of Petters Company, Inc. (or "PCI"). A jury returned a verdict in the Trustee's favor and awarded more than $500 million in damages.

The Eighth Circuit reversed and "remanded with directions to enter judgment in favor of BMO." *Kelley v. BMO Harris Bank Nat'l Ass'n*, 115 F.4th 901, 907–08 (8th Cir. 2024). The court held that the equitable defense of *in pari delicto*, as understood and applied by the Minnesota Supreme Court, barred the Trustee's action against BMO because, even if BMO aided the scheme to the degree proven at trial, it "cannot be more culpable than the entity that orchestrated the scheme." *Id.* at 907.

After the Eighth Circuit reversed and remanded, BMO filed two bills of costs. ECF Nos. 502, 505. The first bill of costs, filed under Federal Rule of Appellate Procedure 39(e), sought $3,092,267.21 in appellate bond premiums, $19,087.50 in fees for transcripts obtained for the appeal, and $1,010.00 in fees of the Eighth Circuit Clerk of Court, or a total of $3,112,364.71. ECF No. 502 at 1. With respect to BMO's first bill of costs, the Clerk taxed $3,109,808.26 against the Trustee—nearly the full request, with a reduction in just the requested transcript fees. ECF Nos. 511, 511-1. The second bill of costs, filed under Federal Rule of Civil Procedure 54(d) and District of Minnesota Local Rule 54.3(c), sought $23,287.82 in district-court costs, ECF No. 505 at 1, and the Clerk allowed $16,563.09, ECF No. 512 at 1.

The Trustee seeks review of the Clerk's cost judgments. ECF No. 513; *see* D. Minn. LR 54.3(c)(3). The Trustee raises two issues. (1) He argues that appellate bond premiums are not taxable costs as a matter of law. (2) He argues that awarding district court costs would be inequitable in view of BMO's litigation conduct. These issues will be considered in that order.

(1) The appellate-bond-premium issue arises from a lack of correlation between a statute and a Federal Rule of Appellate Procedure. The statute, 28 U.S.C. § 1920, identifies "[t]he costs that may be awarded to prevailing parties in lawsuits brought in federal court." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 562 (2012). Appellate bond premiums are not among the costs set forth in § 1920. The Federal Rule of Appellate Procedure, on the other hand, says that "premiums paid for a bond or other security to preserve rights pending appeal" "are taxable in the district court for the benefit of the party entitled to costs under this rule." Fed. R. App. P. 39(e). And the Rule makes clear that, "if a judgment is reversed, costs are taxed against the appellee." Fed. R. App. P. 39(a)(3). The question is whether the omission of appellate bond premiums from § 1920 means these costs cannot be taxed notwithstanding Rule 39.

Courts addressing this question directly have held that appellate bond premiums are costs a district court may tax. *See, e.g.*, *Campbell v. Rainbow City*, 209 F. App'x 873, 876 (11th Cir. 2006); *Republic Tobacco Co. v N. Atl. Trading Co.*, 481 F.3d 442, 448 (7th Cir. 2007); *Berkley Reg'l Ins. Co. v. Phila. Indem. Ins. Co.*, 600 F. App'x 230, 237 (5th Cir. 2015); *In re RealNetworks, Inc.*, Nos. 09 Civ. 7760 (DLC), 41 Civ. 1395 (DLC), 2011 WL 1642767, at *2 (S.D.N.Y. Apr. 29, 2011); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2020 WL 3469220, at *5–6 (E.D. Tex. June 23, 2020); *Eshelman v. Puma Biotechnology, Inc.*, No 7:16-CV-18-D, 2022 WL 989743, at *4 (E.D.N.C. Mar. 11, 2022). A concise explanation for this holding appears in *Republic Tobacco Co.* There, the Seventh Circuit, responding to an argument by the losing party

3

(NATC), explained why the absence of appellate bond premiums from § 1920 did not prevent their recovery under Rule 39:

> NATC is correct, as one of the Advisory Committee Notes to Rule 39 mentions, that § 1920 provides courts with the authority to award costs under Rule 39.  NATC is also correct that § 1920's categories do not include one that allows costs for bond premiums.  Nevertheless, Congress approved Rule 39 after it passed § 1920, and Rule 39 specifically provides that a district court may award "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal."  Where the Federal Rules conflict with a "procedure provided in an earlier act of Congress," the Federal Rules control.  *Am. Fed'n of Musicians v. Stein,* 213 F.2d 679, 686 (6th Cir. 1954); *see also* 28 U.S.C. § 2072 (allowing the United States Supreme Court to promulgate rules of procedure and declaring invalid any laws that conflict with those rules at the time the rules take effect).  In short, because Rule 39(e) expressly authorizes the taxation of supersedeas bond costs, it is binding on district courts regardless of whether § 1920 authorizes an award of those costs.

*Republic Tobacco Co.*, 481 F.3d at 448.

Though the Eighth Circuit has not discussed this question, it has affirmed a district court order taxing appellate bond premiums.  *See Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 626–27 (8th Cir. 2003); *cf. Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808 (8th Cir. 2007) (affirming district court decision not to tax appellate bond premiums because prevailing party failed to file a bill of costs in the court of appeals).  And courts in this district and other districts within the Eighth Circuit have taxed appellate bond premiums.  *See, e.g.*, *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, No. 09-cv-3037 (SRN/LIB), 2017 WL 3025848, at *2 (D. Minn.

4

July 17, 2017); *St. John's Mercy Med. Ctr. v. Delfino*, No. 4:02CV01527 ERW, 2006 WL 5363180, at *5 (E.D. Mo. Mar. 29, 2006).

The Trustee cites two cases to support his position that their omission from § 1920 makes appellate bond premiums non-taxable, but these cases don't carry weight on the issue. The first is *City of San Antonio v. Hotels.com, L.P.*, 593 U.S. 330 (2021). There, in a footnote, the Supreme Court acknowledged that appellate "bond premiums, despite being referenced in Appellate Rule 39(e)(3), are not listed as taxable costs in § 1920." *Id.* at 341 n.4. The Court, however, declined to consider the question because it had not been raised by the losing party. *Id.* It would be a mistake to cite, as authority for holding that appellate bond premiums are not taxable costs, a case that expressly declined to consider the question. The second case the Trustee cites is *Winniczek v. Nagelberg*, 400 F.3d 503 (7th Cir. 2005) (per curiam). There, the court wrote that Rule 39(e) did not "attempt to broaden the list of taxable items that appears in section 1920." *Id.* at 504. *Winniczek* did not address appellate bond premiums; it addressed whether an appellate court's docketing fee is taxable. *See id.* Regardless, the Seventh Circuit subsequently characterized the quoted sentence as dicta, and explained, "any suggestion in *Winniczek*'s dicta that Rule 39(e) does not expand the costs taxable under § 1920 is an over-reading" of the case. *Republic Tobacco Co.*, 481 F.3d at 448. Against the seemingly unanimous weight of persuasive authority and the Eighth Circuit's affirmance of a district court order taxing appellate bond premiums, it would be a mistake to adopt the Trustee's position.

(2) "When an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick*

5

*Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000)). That presumption is codified in Rule 54(d). The rule provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see Greaser v. Mo. Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998). Despite the presumption, "[a] district court has 'substantial discretion' when determining an award of costs to a prevailing party under § 1920 and Rule 54(d)." *Dunne v. Res. Converting, LLC*, 991 F.3d 931, 941 (8th Cir. 2021) (quoting *Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992)). The Eighth Circuit has affirmed cost reductions when "the case was over-litigated," *id.* at 942, and when a party obtained only a nominal victory, *see Richmond*, 980 F.2d at 520; *Grisso v. Massanari*, 22 F. App'x 656, 658 (8th Cir. 2001), and other courts have determined that a party's spoliation of evidence or other misconduct justified the denial of costs, *see Nelson v. Thurston County*, No. 3:18-cv-05184-DGE, 2023 WL 8370156, at *3 (W.D. Wash. Dec. 4, 2023) (spoliation); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("Generally, only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs."). "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Concord Boat Corp.*, 309 F.3d at 498 (quoting *In re Paoli*, 221 F.3d at 462–63).

The Trustee argues that it would be inequitable to tax BMO's district court costs against the Trustee because of BMO's district court litigation conduct, but this contention is unconvincing on this case's extensive record. It is true that the Bankruptcy Court

6

imposed spoliation sanctions against BMO, *see* ECF No. 15-19 at 44 (granting an adverse-inference instruction), and the district court affirmed this ruling, *see* ECF No. 125 at 28. But there is a weightier counterbalance against inequity the Trustee suffered because of the spoliation issue. BMO moved to dismiss the adversary proceeding in the Bankruptcy Court in October 2016, relying on the *in pari delicto* doctrine. *See* ECF No. 3-12 at 30–48. The argument was rejected and the motion denied (in relevant part). *See* ECF No. 4-13 at 11–13. Under the Eighth Circuit's ruling, the proceeding should have been dismissed on that ground at that time, meaning BMO should not have incurred taxable costs (or other, non-taxable costs and attorneys' fees) in the district court. In these circumstances, the district court cost judgment is not inequitable.

The Trustee has a fallback position, but it doesn't change things. He claims that BMO inequitably "sought transcript costs for discovery hearings necessitated by its spoliation of evidence." ECF No. 515 at 14. The Trustee does not identify how much of the $7,059.40 in transcript fees awarded to BMO were attributable to those hearings. *See* ECF No. 512-1 at 1. The absence of this information makes it impracticable to consider reducing these fees. Accepting as true the Trustee's claim that BMO sought "fees for witnesses—like John Vanderheyden, Paul Stroble, and David Grant—whom BMO proffered solely in an effort to excuse and minimize its intentional spoliation," ECF No. 515 at 14–15, the Clerk did not award transcript fees for any of these witnesses. The Clerk taxed no costs for Stroble or Grant. *See* ECF No. 512-1 at 2 (citing "[i]nsufficient documentation" for Stroble and explaining that Grant did not testify). The Clerk taxed costs for Vanderheyden's hotel stay in the amount of $375.66. ECF No. 512-1 at 3; *see*

7

ECF No. 505-4 at 12–13. The Trustee did not target this amount in his motion. If he had, the same considerations discussed in the preceding paragraph would have warranted rejecting the challenge.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff Douglas A. Kelley's Motion to Review Clerk's Taxation of Costs [ECF No. 513] is **DENIED**.

2. The Clerk's Cost Judgments in the amount of $3,109,808.26 [ECF No. 511] and $16,563.09 [ECF No. 512] for Defendant BMO Harris Bank N.A. are **AFFIRMED**.

Dated: July 22, 2025                                    s/ Eric C. Tostrud
                                                        Eric C. Tostrud
                                                        United States District Court

8